**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JIMMY PARIS                                                                                              PLAINTIFF

v.                                NO. 4:04CV0656 JLH

UNION PACIFIC RAILROAD COMPANY                            DEFENDANT

**OPINION AND ORDER**

Jimmy Paris brought this action against his employer Union Pacific Railroad Company, under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq., alleging that he developed carpal tunnel syndrome from his work at Union Pacific. Union Pacific has now filed a motion in limine seeking to exclude the testimony of Union Pacific employees Tommy Stuart and Clint Lacy on the ground that Paris's lawyers have communicated with them unethically. Stuart is employed as a railroad engineer. Lacy is a brakeman. Union Pacific also moves to exclude the testimony of five witnesses who were not disclosed before the discovery cutoff.

**I.**

Union Pacific argues that Stuart's and Lacy's statements should be excluded because Paris's lawyer obtained them in violation of Rule 4.2 of the Arkansas Rules of Professional Conduct, which is identical to Rule 4.2 of the Model Rules of Professional Conduct promulgated by the American Bar Association.[1] Rule 4.2 states: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law." Comment 7 to Rule 4.2 explains the application of the Rule to organizations:

In the case of a represented organization, this Rule prohibits communications with

---

[1] The Court has adopted the Arkansas Rules of Professional Conduct for attorneys practicing before it. *See* E.D. ARK. R. 83.5(d); MODEL FED. R. DISCIPLINARY ENFORCEMENT IV.

> a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

Accordingly, except with the consent of Union Pacific's lawyers, Paris's lawyers may not communicate with any Union Pacific employee who regularly consults with Union Pacific's attorneys concerning this case, who has authority to obligate Union Pacific with respect to this case, or whose act or omission with respect to the subject matter of this case may be imputed to Union Pacific.

Union Pacific does not argue that Stuart and Lacy regularly consult with its lawyers, nor does Union Pacific argue that Stuart or Lacy has the authority to obligate Union Pacific with respect to this case. Union Pacific does contend that statements by both Stuart and Lacy could be imputed to Union Pacific under Rule 801(d)(2) of the Federal Rules of Evidence as admissions against a party opponent. The cases that Union Pacific cites to support its argument relied upon a previous version of Comment 7 to Rule 4.2. *See Weibrecht v. S. Ill. Transfer, Inc.*, 241 F.3d 875, 881 (7th Cir. 2001); *White v. Ill. Cent. R.R. Co.*, 162 F.R.D. 118, 119 (S.D. Miss. 1995); *Tucker v. Norfolk & W. Ry. Co.*, 849 F. Supp. 1096, 1098 (E.D. Va. 1994); *Queensberry v. Norfolk & W. Ry. Co.*, 157 F.R.D. 21, 22-23 (E.D. Va. 1993).

The original Comment 7 to Rule 4.2 stated that Rule 4.2 prohibits communication with any person "whose statement may constitute an admission on behalf of the organization." When Arkansas initially adopted the Model Rules of Professional Conduct, it adopted the commentary with that interpretation of Rule 4.2. *See Matter of Ark. Bar Ass'n*, 287 Ark. 495, 571, 702 S.W.2d 326, 377 (1985). In 2002, the American Bar Association amended Comment 7 to Model Rule 4.2 to remove the prohibition on communications with anyone "whose statements may constitute an

admission on behalf of the organization" because that prohibition was "broad and potentially open-ended" and "had been read to prohibit communication with anyone whose testimony would be admissible against the organization as an exception to the hearsay rule." *See* AM. BAR ASS'N, ANNOTATED MODEL RULES OF PROFESSIONAL CONDUCT 4.2 (5th ed. 2003). As an example of such an overly broad interpretation of Rule 4.2, the ABA cited *Weeks v. Independent School District No. I-89*, 230 F.3d 1201 (10th Cir. 2000), which interpreted Rule 4.2 to prohibit ex parte communications with any employee who could bind the organization "in a legal evidentiary sense." *Id*. at 1208-09. *Weeks* interpreted Rule 4.2 as Union Pacific asks this Court to do. However, the ABA amended the commentary to Rule 4.2 to avoid that interpretation.

By *per curiam* order dated March 3, 2005, the Supreme Court of Arkansas adopted the latest version of the Model Rules of Professional Conduct, with minor, non-substantive changes, effective May 1, 2005. *See In re: Ark. Bar Ass'n*, No. 03-1049 (Ark. Mar. 3, 2005), *available at* http://courts.state.ar.us/opinions/2005a/20050303/arpc2005.html. In other words, effective May 1, 2005, Arkansas adopted the revised Comment 7 to Rule 4.2, *i.e.*, the version that omits the prohibition on communications with persons whose statements may constitute an admission by the organization. Thus, as now adopted in Arkansas, Comment 7 to Rule 4.2 does not interpret the rule to prohibit communications with a person whose statement may constitute an admission. Consequently, this Court need not decide whether Stuart's and Lacy's statements may constitute an admission on behalf of Union Pacific. Rather, the only issue is whether Stuart and Lacy are employees of Union Pacific "whose act[s] or omission[s] in connection with the matter may be imputed to the organization for purposes of civil or criminal liability." Union Pacific has presented no evidence that Stuart and Lacy performed any acts or omissions that might be imputed to Union Pacific for purposes of liability in connection with this matter.

In its current form, with the revised Comment 7, Rule 4.2 does not prohibit Paris's lawyers from communicating with Stuart and Lacy about this case. Union Pacific's motion in limine to exclude the statements of Stuart and Lacy is therefore denied.

## II.

Before this case was recently continued, the scheduling order imposed a discovery cutoff of June 23, 2006. On July 12, 2006, Paris disclosed six new witnesses, all employees or former employees of Union Pacific. After Union Pacific objected, the parties exchanged letters on the issue of the timeliness of the disclosures, and on August 3, 2006, Paris submitted a disclosure identifying five of the six as witnesses. On August 23, 2006, the Court continued the trial and reopened discovery with respect to a new report from one of Paris's doctors. Permitting these employees and former employees to testify will not prevent Union Pacific from having a fair trial. All of them can be interviewed. If depositions are needed, the Court hereby reopens discovery for that purpose. If Union Pacific needs to identify additional witnesses to respond to them, it will be permitted to do so.

## CONCLUSION

For the reasons herein, the Court DENIES Union Pacific's first motion in limine. Document #114.

IT IS SO ORDERED this 28th day of September, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE