IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JIMMY PARIS,<br>    Plaintiff, | § § § | |
| v. | § | C.A. NO. 4:04-CV-00656 JLH |
| | § | |
| UNION PACIFIC RAILROAD COMPANY,<br>    Defendant. | § § § | |

### PLAINTIFF'S MOTION IN LIMINE AND AUTHORITIES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JIMMY PARIS, Plaintiff in the above entitled and numbered cause of action, by and through his attorneys and moves this Court for an Order in Limine instructing Defendant and Defendant's counsel or witnesses to refrain from making reference to or eliciting any testimony regarding any of the following matters in the presence of the jury during the trial of this lawsuit:

1.      That the Plaintiff has applied for, has been rejected for, received, has been entitled to receive or will become entitled to receive benefits of any kind or character from a collateral source, including, but not limited to, any benefits provided by his employer or a union such as wage continuation, benefits from the federal or state government such as the Railroad Retirement Board benefits or retirement, Veterans Administration, Social Security, welfare, or benefits from personal or group insurance coverage. FRE 402, 403. Tipton v. Socony Mobile Oil Co., 375 U.S. 34, 84 S. CT. 1 (1963); Eichel v. New York Central, 375 U.S. 253, 84 S. CT. 316 (1963).

2.      Any evidence from defense expert witnesses in this matter, arguing or stating that Plaintiff's carpal tunnel syndrome and/or wrist problems, including ulnar impaction syndrome, stem from his genetic make-up, weight, or other causes. Plaintiff states that there is no reliable

Plaintiff's Motion in Limine and Authorities – Page 1

evidence from defense experts, or contained in their reports, to support a reasonable scientific basis that Plaintiff's carpal tunnel syndrome and/or ulnar- impaction wrist problems are other than job-related. Stevens v. Bangor & Aroostook R.R., 971 F3d 594, 603 (1st Cir. 1996), relying on Restatement (Second) of Torts, Section 433 a (2) comment at 439 and Ayers v. Norfolk and Western Railway, 538 U.S. 135, 123 S.Ct 1210. (S.Ct 2003). Also see, Rogers v. Missouri Pacific RR. Co. (1957), 352 U.S. 500, 509-510, holding, "the employer is stripped of his common-law defenses and for practical purposes the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit." Rogers, at 507-508.

3. Any offers of future vocational rehabilitation and/or employment by the Defendant railroad as they are in the form of a settlement offer. FRE 402, 403. Wilson v. Union Pacific Railroad Co., 56 F. 3d 1226 (10 Cir. 1995).

4. Prior misconduct or criminal activity on the part of the Plaintiff. FRE 403, 404. Campbell v. Greer, 831 F. 2d 700 (7th Cir. 1987).

5. Prior claims, suits or settlements involving the Plaintiff and the amounts thereof. FRE 402, 403. Outley v. City of New York, 837 F. 2d 587 (2d Cir. 1988).

6. Other accidents, or unrelated injuries or illnesses and the effects thereof. FRE 402, 403.

7. Personal habits of the Plaintiff, including drinking habits, smoking habits or drug use unconnected or associated with the occurrences in question. FRE 403, 404. Bennett v. Longacre, 774 F. 2d 1024 (10th Cir. 1985).

8. Personal financial status of Plaintiff. FRE 402, 403. Arleth v. Freeport-McMoran Oil & Gas Co., 2 F. 3d 630 (5th Cir. 1993).

Plaintiff's Motion in Limine and Authorities – Page 2

9. Any prior marriages, prior marital difficulties or controversies regarding his ex-wife, children or custody. FRE 402, 403. <u>U.S. v. Stone</u>, 472 F. 2d 909 (5th Cir. 1973).

10. Effect of the case, result, verdict or judgment against Defendant, including but not limited to, financial health, insurance rates or rail transportation costs. FRE 403.

11. Any ex-parte statement or report of any person not then and there present in Court to testify unless such statements or reports have been previously produced to Plaintiff's counsel during discovery, and a proper predicate for their admissibility has been laid. FRCP 37 (c). <u>Derby v. Godfather's Pizza, Inc.</u>, 45 F. 3d 1212 (8th Cir. 1995).

12. The probable testimony of a witness who is absent, unavailable or not to be called to testify in the trial of this cause or any reference to the fact that Plaintiff failed to call any certain witness when the witness is equally available to the Defendant. FRE 403. <u>Herbert v. Wal-Mart Stores, Inc.</u>, 911 F. 2d 1044.

13. Any experiments, recreations, replications, tests or any evidence thereof, including videotapes and expert or opinion testimony concerning same until the proper predicate or foundation therefore is established through competent testimony. Plaintiff objects to any request for him to do an in-Court demonstration of anything, or any activity. FRE 402, 403, 702. <u>Four Corners Helicopters, Inc. v. Turbomeca</u>, 979 F. 2d 1434 (10th Cir. 1992).

14. Any reference to documents, photographs, videotapes and/or any other tangible evidence which was not provided to Plaintiff in discovery, as well as listed as an Exhibit in the pretrial order. FRCP 37(c). <u>Derby</u>, *supra*.

15. Any reference to documents, photographs, videotapes and/or any other tangible evidence which has not been received and admitted into evidence. FRE 103, 104.

16. The testimony of any and all witnesses not properly identified in accordance with

Plaintiff's Motion in Limine and Authorities – Page 3

the Federal Rules of Civil Procedure. FRCP 37(c) and the docket control order in this matter. Derby, *supra*.

17. The testimony of any and all expert witnesses not properly identified in accordance with the Federal Rules of Civil Procedure, including but not limited to, opinion testimony elicited from the witness stand, through deposition testimony or contained in documentary evidence, and particularly to the extent that it exceeds that set-forth in the expert's report submitted within the time and guidelines ordered by this Court. FRCP 37(c). Derby, *supra*.

18. The date and/or circumstances under which Plaintiff retained counsel in this matter and/or the compensation to be paid to said counsel, and whether or not counsel assisted Plaintiff in filling out or preparing the Occupational Injury Report filed by Mr. Paris. FRE 402, 403.

19. Any reference to specific instances of misconduct to impeach the Plaintiff under Rule of Evidence 608 until the Court, out of the presence of the jury, has had an opportunity to apply the balancing factors of Rule of Evidence 403 and the discretion authorized by Rule 608(b).

20. Any reference to offers of compromise or settlement of Plaintiff's claims, including evidence of conduct or statements made by the Plaintiff in compromise negotiations. FRE 408. Ramada Development Co. v. Rauch, 644 F. 2d 1097 (5th Cir. 1981).

21. Any reference to a discount rate or future rate of return on any award to Plaintiff other than that supported by competent expert testimony and within limits established by the United States Supreme Court in FELA cases. Culver v. Slater Boat Co., 722 F. 2d 114 (5th Cir. 1983).

Plaintiff's Motion in Limine and Authorities – Page 4

22. Any and all alleged safety rules violations or employment rules violations by Plaintiff during Plaintiff's employment with Defendant, prior to or after the date of injury, including disciplinary action taken by his employer. FRE 402, 403.

23. With respect to any witness, expert or layman, who has previously or is presently employed by a railroad other than Defendant, whether the witness had been involved in prior accidents, whether the witness had been the subject of any disciplinary proceeding or action and/or whether the witness had made any claims against any railroad alleging personal injury or illnesses. FRE 402, 403.

24. Any reference to this Motion in Limine, its contents and/or the Court's ruling thereon. FRE 402, 403.

25. That the reason for this trial is because Plaintiff is seeking too much compensation or an unreasonable amount of money. Rule 401 and 403 Fed. Rules of Evidence.

26. That the jury is entitled to reduce the Plaintiff's award by a percentage allocated to age-related factors or aging, or genetics, or to apportion a part of his loss to this cause. See e.g., Norfolk and Western Railway Co. v. Ayers, 538 U.S. 135, 123 S.Ct. 1210 (2003), and Stevens v. Bangor & Aroostook R.R., 971 F3d 594, 603 (1st Cir. 1996), relying on Restatement (Second) of Torts, Section 433 a (2) comment at 439.

27. That Plaintiff's counsel has or does represent[ed] any witness until that is established in Court. Rule 401, and 403 Fed. Rules of Evidence.

28. That Plaintiff's counsel was counsel for Stella Liebeck in the matter of Liebeck v. McDonald's Corporation, and/or that represented anyone in notorious litigation associated with frivolous or unreasonable lawsuits. Rule 401 and 403, Federal Rules of Evidence.

29. That the McGee yard was sold to a third party, and/or maintained by a third-party,

Plaintiff's Motion in Limine and Authorities – Page 5

or was under the custody of a third-party during all or a portion of Plaintiff's work in that yard, because Union Pacific Railroad had and has a non-delegable duty to provide Plaintiff a reasonably safe place to work, with reasonably safe equipment, including properly oiled, adjusted, maintained, and operable hand-brakes on each car, and reasonably safe, properly lubed and properly functioning rail switches. Such evidence would be confusing to the jury, and is irrelevant under the law, and it should be excluded under Federal Rule of Evidence 401, and 403. Sinkler v. Missouri Pac. R. Co., 356 U.S. 326 (S.Ct. 1958); Brown v. CSX Transp. Inc., 363 F.Supp 2d 1342 (M.D. Fla. 2002); Steed v. Central of Ga. Ry. Co., 529 F2d 833 (5th cir. 1976).

Dated: April 16, 2007.

    Respectfully submitted,

    MORGAN & CHADICK, LLP
    P.O. Box 38
    Comfort, TX 78013
    Telephone (830) 995-2464
    Facsimile (830) 995-2728

    By: /s/ S. Reed Morgan
        S. Reed Morgan
        Texas State Bar No.14452300
        Federal ID #6080

    And

    Mark B. Chadick, #77030
    225 West Barraque
    Pine Bluff, AR 71601
    Telephone: (870) 536-5110
    Facsimile: (870) 536-5629

    ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served in the manner indicated, on all counsel of record, as shown below:

Joseph P. McKay     *Via Facsimile (501) 244-5326/Via ECF Filing*
2000 Regions Center
400 West Capitol
Little Rock, AR 72201

Andrew W. Reinhart   *Via Facsimile (724) 873-8650/Via ECF Filing*
Sinclair Kelly Jackson Reinhart & Hayden LLC
Southpointe Center
501 Corporate Drive, Suite 200
Canonsburg, PA 15317

on this the 16th day of April, 2007.

/s/ S. Reed Morgan
S. Reed Morgan