IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| JIMMY PARIS,<br>　　Plaintiff, | §<br>§<br>§ |
| v. | §　C.A. NO. 4:04-CV-00656 JLH |
| | § |
| UNION PACIFIC RAILROAD COMPANY,<br>　　Defendant. | §<br>§<br>§ |

### PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, JIMMY PARIS, respectfully requesting an additional motion in limine on the following topics:

1. Plaintiff requests that the Court enter an order that Union Pacific Railroad Company ("UPRR") refrain from referring to the fact that the law firm Robert Peirce and Associates, P.C., or their predecessor law firm, and/or Morgan and Chadick, L.L.P., sponsored a screening for carpal tunnel and asbestosis, which Jimmy Paris attended.

The fact that lawyers sponsored the testing is irrelevant and the probative value of any such information is outweighed by the prejudice that some jurors would interpret this as bad conduct. Rule 403 Federal Rules of Evidence. Plaintiff does not object to the jury knowing he went to a screening process; rather, the objection is the "tie" to the law firms, rather than simply not informing the jury of the sponsor.

2. That the railroad not be allowed to submit evidence that the Plaintiff need not throw hard to throw or poorly maintained switches because he is "empowered" not to do the work if it is dangerous. This is impermissible under the applicable jurisprudence because it is a disguised effort to use "assumption of the risk" as a defense, by calling it contributory

Plaintiff's Supplemental Motion in Limine – Page 1

negligence. Many federal courts have found that the defendant may not find contributory negligence on the part of a plaintiff, simply because the worker acceded to the request or direction of responsible representatives of his employer that he work at a dangerous job, or in a dangerous place, or under unsafe conditions. *Jenkins v. Union Pacific R.R. Co.*, 22 F. 3d 206, 209-210 (9th Cir. 1994); *Wilson v. Burlington Northern, Inc.*, 670 F.2d 780, 785, (8th Cir. 1982); *Joyce v. ARCO*, 651 F.2d 676, 683 (10th Cir. 1981)(Jones Act Case); *Rawson v. Midsouth Rail Corp.*, 738 So. 2d 280 (Miss.App. 1999*)*; *E'teif v. Nat'l Passenger R. Corp.*, 733 So. 2d 155, 159 (La. App. 4th Cir. 1999).

Devitt, Blackmar and Wolff, Federal Jury Practice and Instruction §914.16 (4th Ed., 1987). "You may not find that a Plaintiff assumed the risk of his employment if his injury resulted in whole or in part from the negligence of any of the officers, agents, or employees of the Defendants." 45 U.S.C. 54.

Dated: August 17, 2007.

                                        Respectfully submitted,

                                        S. REED MORGAN
Morgan & Chadick, LLP
P.O. Box 38
Comfort, TX 78013
Telephone (830) 995-2464
Facsimile (830) 995-2728

And

MARK B. CHADICK, #77030
Morgan & Chadick, LLP
225 West Barraque
Pine Bluff, AR 71601
Telephone: (870) 536-5110
Facsimile: (870) 536-5629

ATTORNEYS FOR PLAINTIFF

By: /s/ S. Reed Morgan
    S. Reed Morgan
    Texas State Bar No.14452300
    Federal ID #6080

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served in the manner indicated, on all counsel of record, as shown below:

Joseph P. McKay    *Via E-Mail & Via ECF Filing*
2000 Regions Center
400 West Capitol
Little Rock, AR 72201

Andrew W. Reinhart  *Via E-Mail & Via ECF Filing*
Sinclair Kelly Jackson Reinhart & Hayden LLC
Southpointe Center
501 Corporate Drive, Suite 200
Canonsburg, PA 15317

on this the 17th day of August, 2007.

/s/ S. Reed Morgan
S. Reed Morgan