IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| JIMMY PARIS,<br>    Plaintiff, | §<br>§<br>§ |
| v. | §    C.A. NO. 4:04-CV-00656 JLH |
| | § |
| UNION PACIFIC RAILROAD COMPANY,<br>    Defendant. | §<br>§ |

### PLAINTIFF'S SECOND SUPPLEMENTAL MOTION IN LIMINE

TO THE HONORABLE JUDGE J. LEON HOLMES:

COMES NOW, Plaintiff JIMMY PARIS, through undersigned counsel, requesting that the Court enter an order that Defendant UNION PACIFIC RAILROAD ("UPRR") not inquire of Plaintiff whether he has made any personal injury claims for the listed items below.

1. Plaintiff hereby attaches pages number-stamped 144, and 145 (Exhibit A) in support of his motion.

2. Plaintiff is seeking an order excluding any direct or indirect examination, comment, or argument concerning these matters, including the comment that they were settled, the subject of any claim, and/or settled for any amounts. In support thereof, Plaintiff lists those claims, and states they are irrelevant to any issue in this matter, as his claim is limited to his wrists, and none of these claims pertain to the wrists. The claims are:

    a. Claimed 3/11/86: Hip Strain: $5,700.00;

    b. Claimed 1/24/97: Back strain: $0.00;

    c. Claimed 10/23/90: Hearing loss: $19,124.00;

    d. Claimed 12/21/91: Back strain: $17,000.00;

    e. Claimed 8/17/94: Ankle sprain: $800.00; and

  f. Claimed 3/01/97: Foot tendon injury: $62,500.00

3. These six FELA claims have nothing to do with hand injuries or wrist injuries.

4. Plaintiff submits to allow the jury to view these claims and these settlements would be highly prejudicial, and would prejudice him unless he is allowed to explain the manner in which he was hurt, extent of pain, suffering, disability, medical expense, lost time, and circumstances. None of these matters are relevant. See, e.g., *Bunion v. Allstate Insurance Co.*, 502 F.Supp. 340 at page 342, (E.D. Pa. 1980), requiring prior claims were both *similar and fraudulent*.

5. This case is cited in the "Courtroom Handbook on Federal Evidence, Chapter 6, Obj. 60," stating that:

> "Evidence of other claims by the plaintiff, offered to show that the present claim lacks merit, is usually excluded on the ground that its probative value is outweighed by the dangers of unfair prejudice, confusion of the issues, or misleading the jury. Rule 403; *Bunion v. Allstate Ins. Co.*, 502 f.Supp 340 (E.D. Pa. 1980)."

6. In support of his motion, Mr. Paris cites the case of *Williamson v. Haynes Best Western of Alexandria*, 686 so2d 1201, (La. App. 4th Cir. 1997), where the court found:

> [T]he need for the exposure of fraudulent claims comes in conflict with the need for the protection of innocent litigants from unfair prejudice. At two extremes the practice is fairly well agreed upon. Thus, when it is sought to be shown merely that the plaintiff is a chronic litigant, or a chronic personal injury litigant, the courts consider that the slight probative value is overborne by the danger of prejudice, and they exclude the evidence. At the other extreme, if it is proved not merely that the party has made previous claims or brought suits but that the former claims were similar to the present claim and were false and fraudulent, then the strong relevance of these facts to evidence the falsity of the present claim is apparent and most courts admit them.
>
> The intermediate situation is the difficult one. The evidence offered is that the present party, now suing for a loss claimed to be accidental, such as a loss of property by fire, or personal injury in a collision, has made repeated previous claims of similar losses. *Here the relevance is based on the premise that under the doctrine of chances repeated injuries of the same kind are unlikely to happen to one person by accident.* On the other hand this kind of evidence is prejudice-arousing and standing alone would seldom be sufficient to support accidental injury of the same kind. In such an event, the evidence may be

admitted where the proponent "has produced or will produce other evidence of fraud."

7. McCormick on Evidence § 196, at 833-834 (John W. Strong, ed., 4th ed.1992), reiterates that the trial judge must balance the probative value of the evidence against its prejudice and admit the evidence "only if the probability of coincidence seems negligible or if the proponent has distinct evidence of fraud." McCormick acknowledges that the existence of a series of accidents involving the same person does not make it less probable that the next accident actually occurred.

8. In the instant matter, UPRR has not alleged that this or any prior claims were fraudulent.

Dated: August 21, 2007.

        Respectfully submitted,

        S. REED MORGAN
        Morgan & Chadick, LLP
        P.O. Box 38
        Comfort, TX 78013
        Telephone (830) 995-2464
        Facsimile (830) 995-2728

        And

        MARK B. CHADICK, #77030
        Morgan & Chadick, LLP
        225 West Barraque
        Pine Bluff, AR 71601
        Telephone: (870) 536-5110
        Facsimile: (870) 536-5629

        ATTORNEYS FOR PLAINTIFF

        By: /s/ S. Reed Morgan
           S. Reed Morgan
           Texas State Bar No.14452300
           Federal ID #6080

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served in the manner indicated, on all counsel of record, as shown below:

Joseph P. McKay    *Via ECF Filing*
2000 Regions Center
400 West Capitol
Little Rock, AR 72201

Andrew W. Reinhart  *Via ECF Filing*
Sinclair Kelly Jackson Reinhart & Hayden LLC
Southpointe Center
501 Corporate Drive, Suite 200
Canonsburg, PA 15317

on this the 21st day of August, 2007.

                                                          /s/ S. Reed Morgan
                                                          S. Reed Morgan